33 F.3d 61
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ardas YANIK, Debtor.
Julian AYRS, Appellant,
v.
Ardas YANIK; Lawrence A. Diamant, Chapter 7 Trustee, Appellees.
 No. 93-56150.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 10, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Creditor Julian Ayrs appeals pro se the Bankruptcy Appellate Panel's ("BAP") dismissal of his appeal from the bankruptcy court's order denying his motion for a stay pending appeal. The BAP found Ayrs's appeal moot and dismissed for lack of jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 We review de novo a lowe court's decision on subject-matter jurisdiction, including questions of mootness. Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986). "A moot action is one where the issues are no longer live or the parties lack a legally cognizable interest in the outcome." Id.
 
 
 4
 In a separate action, creditor Ayrs appealed to the BAP the bankruptcy court's order upholding debtor Yanik's homestead exemption and granting Yanik's motion to avoid Ayrs's judicial lien on his residence. Ayrs sought a stay of that order in the bankruptcy court pending the appeal. The bankruptcy court denied the stay finding that Ayrs had failed to show a likelihood of success on the merits. Ayrs appealed the denial of the stay to the BAP which dismissed the appeal for lack of jurisdiction. Ayrs timely appealed to this court.
 
 
 5
 The BAP considered Ayrs's appeal from the order upholding the homestead exemption together with Ayrs's appeal from the denial of the stay. As to the former, the BAP affirmed in part the bankruptcy court's order, and remanded in part. It found that although the bankruptcy court correctly upheld debtor Yanik's homestead exemption on his residence, it was unclear from the record as to whether Ayrs's lien attached to that residence. The BAP explained that if Ayrs's lien did not attach to Yanik's homesteaded residence, Yanik could not lawfully avoid the lien. It therefore remanded to the bankruptcy court for clarification on whether Ayrs's lien attached to Yanik's Northridge residence. The BAP then dismissed as moot Ayrs's motion for a stay pending appeal of the bankruptcy court's decision. The BAP found that by remanding the bankruptcy court's order for clarification, it "effectively removed the legal effect" of that order. Accordingly, the BAP concluded that because the order sought to be stayed was no longer in effect, Ayrs's motion for a stay pending appeal of that order presented no case or controversy.
 
 
 6
 We find no error in the BAP's reasoning. Because the BAP's remand effectively vacated the bankruptcy court's decision, there was no order to be stayed pending appeal. Accordingly, the BAP properly dismissed Ayrs's appeal as moot. See Sample, 771 F.2d at 1338.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3